IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DAVID BATTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-651-R |
| JAMES GREGORY MASHBURN, individually, and in his official capacity as District Attorney for the Twenty-first Prosecutorial District, (aka Greg Mashburn); and JOHN and JANE DOES, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff David Batton seeks to voluntarily dismiss this action without prejudice, pursuant Federal Rule of Civil Procedure 41(a)(2). Defendant James Mashburn opposes the motion or, alternatively, asks the Court to impose certain conditions on dismissal. Having considered the parties' arguments, the Court finds as follows.

**I.    Background**

This action arises from Plaintiff Batton's termination from the Cleveland County District Attorney's office. During the pendency of the litigation, Defendant Mashburn has filed two partially successful motions to dismiss and the parties have engaged in some amount of discovery. Before the close of discovery and before any dispositive motions were filed, Plaintiff filed the instant motion seeking to dismiss his case without prejudice because "he is currently unable, physically or mentally, of proceeding in this litigation at this time." In support, he recounted several unfortunate occurrences that have befallen

1

him since the inception of the litigation: (1) a leg injury requiring surgery in September 2015 that required rehabilitation through February 2016; (2) his wife unexpectedly filing for divorce in August 2015, finalized January 2016; (3) Plaintiff's brother unexpectedly passing away on January 16, 2016; and (4) impending shoulder surgery. Plaintiff argues that Defendant will not be prejudiced because litigation is in the early stages of discovery and no depositions have been taken.

Although Plaintiff provides scant authority in support of his motion and his analysis of the standard for prejudice is at best cursory, the undersigned will grant dismissal without prejudice, based on certain conditions as set forth below.

## II. Standard for Rule 41(a)(2) dismissals without prejudice

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As the Tenth Circuit has stated:

> 'The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 357 (10th Cir.1996) (quotation omitted). These matters fall within the district court's discretion and '[r]eversal requires a clear abuse of discretion.' *Am. Nat'l Bank & Trust Co.,* 931 F.2d at 1412. But '[a]bsent "legal prejudice" to the defendant, the district court normally should grant such a dismissal.' *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997).

*Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). Moreover:

> Prejudice does not arise simply because a second action has been or may be filed against the defendant . . . which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors

2

> including: 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.' *Ohlander,* 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.* And '[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.' *County of Santa Fe v. Public Serv. Co.,* 311 F.3d 1031, 1048 (10th Cir.2002) (quotation omitted).

*Id.* at 1124.

Here, while Defendant opposes dismissal, the "legal prejudice" required to prevent dismissal is not present. Nevertheless, the undersigned is mindful that Defendant has expended certain resources that may not be useful to him should Plaintiff refile this action. With this in mind, the Court exercises its discretion to impose the following conditions.

## III. Curative Conditions

### 1. *Motions to Dismiss*

Defendant filed two partially successful motions to dismiss. As a result of these motions, Plaintiff's First Amendment freedom of speech, tortious interference with contract,[1] and tortious interference with prospective economic advantage claims were dismissed with prejudice and his due process and intentional infliction of emotional distress claims were dismissed without prejudice. His claims for freedom of association

---

[1] Plaintiff consented to the dismissal of this claim; had Plaintiff not consented, the Court nevertheless would have concluded that this claim was due to be dismissed with prejudice.

3

and conspiracy remain. As a condition of voluntary dismissal, Defendant asks the Court to dismiss with prejudice those claims dismissed without prejudice. The Court declines do to so. However, should Plaintiff refile the lawsuit in this Court, all pleadings, discovery, and orders from this action will be binding in a later filed action.

    2.    *Attorneys' Fees*

Citing Rule 54, Defendant asks the Court to condition dismissal on the payment of fees because Section 1983 entitles prevailing parties to fees. Doc. No. 40 at 4. However, Defendant has not made the attendant showing under Section 1983 that an award of attorneys' fees is proper. *Houston v. Norton*, 215 F.3d 1172 (10th Cir. 2000) ("prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.") (quotations omitted). Fees on this basis are therefore denied.

However, where, as here, a plaintiff has dismissed an action without prejudice, the defendant is entitled to recover duplicative fees and expenses. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)("[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him"). Courts in the Tenth Circuit under similar circumstances have ordered that in the event a plaintiff who voluntarily dismisses a lawsuit files a subsequent lawsuit, he must compensate the defendant for duplicative expenses. *See Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005) (affirming curative condition that "plaintiffs were required to pay fees and expenses incurred by defendant as a result of duplicative effort

4

that could not be avoided"); *Agjunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *6 (D. Kan. Jan. 30, 2015) (same). In accordance with these cases, the Court conditions dismissal of this action on Plaintiff reimbursing Defendant for duplicative fees and expenses incurred in a subsequent lawsuit. Upon the conclusion of a subsequent lawsuit, Defendant may move the Court for reimbursement, providing a detailed showing of the fees and expenses incurred in the subsequent lawsuit that could have been avoided had this matter continued. *See Brown*, 413 F.3d at 1126 (affirming similar procedure); *Agjunction*, 2015 WL 416444, at *6 (utilizing similar procedure). The Court may then order Plaintiff to pay such fees and expenses. The Court retains jurisdiction to hear such a motion. *See Cactus Petroleum Corp. v. Continental Resources, Inc.*, No. CIV-13-0798-HE, 2013 WL 5656107 (W.D. Okla. Oct. 16, 2013) (retaining jurisdiction to determine fees); *Agjunction LLC v. Agrian Inc.*, 2015 WL 416444, at *6 (retaining jurisdiction to entertain motion on fees).[2]

### 3. *Verification of Interrogatories*

Defendant also asks that as a condition of dismissal, Plaintiff be required to verify his interrogatory responses. This request is **GRANTED**. Plaintiff is directed to provide Defendant with a verification of his interrogatory responses by **April 29, 2016**.

## IV. Conclusion

Accordingly Plaintiff's motion to dismiss without prejudice (Doc. No. 36) is **GRANTED**, with the following conditions:

---

[2] The Court notes that Defendant has submitted an affidavit attaching fees incurred in connection with the current litigation. However, it is not apparent from Defendant's brief or affidavit which of those expenses Defendant anticipates would be duplicative or wasted effort.

(1) Plaintiff must submit his verification to his interrogatory responses to Defendant by **April 29, 2016**;

(2) should Plaintiff choose to refile an action in this Court raising substantially the same issues as those involved here, all pleadings, discovery, and orders in this action will remain binding on the parties; and

(3) should Plaintiff choose to refile an action in any forum raising substantially the same issues as those involved here, at the conclusion of such an action, Defendant may file a motion in this Court seeking reimbursement for duplicative fees and expenses as set forth herein. The Court retains jurisdiction to hear such a motion.

IT IS SO ORDERED this 22nd day of April, 2016.

                                                  _/s/ David L. Russell_
                                                  DAVID L. RUSSELL
                                                  UNITED STATES DISTRICT JUDGE